■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL KOEHLER, Appellant.— Order of the Supreme Court, Kings County, dated October 31, 1966, which denied, without a hearing, a combined motion for resentence and for a writ of error *coram nobis*, affirmed. In 1936, appellant was sentenced to prison on his plea of guilty to second degree grand larceny. In 1942, he was sentenced to prison for a term of 15 to 30 years as a second felony offender on his plea of guilty to second degree robbery, unarmed. Appellant now alleges a failure of the 1936 sentencing court to comply with section 480 of the Code of Criminal Procedure. Section 480 required the court to ask a defendant prior to sentencing "whether he have any legal cause to show, why judgment should not be pronounced against him". He contends the 1936 judgment could not be used as a basis for second felony treatment in 1942 and seeks resentencing as a first felony offender upon his 1942 conviction. In our opinion, *People ex rel. Emanuel* v. *McMann* (7 N Y 2d 342) is dispositive of the instant appeal. There, as here, an allegation of a failure to comply with section 480 on an earlier sentence was used to attack a sentence as a multiple offender on a subsequent conviction. The court held that a violation of section 480 works as a vacatur of the sentence only and not of the conviction so that, although the defendant would be entitled to a remand for resentencing, the prior adjudication could properly be considered as a basis for multiple offender treatment. (See, also, *People ex rel. La Shombe* v. *Jackson*, 7 N Y 2d 345; *People ex rel. Egitto* v. *Jackson*, 7 A D 2d 808; *People* v. *Sullivan*, 3 N Y 2d 196.) Appellant concedes *coram nobis* to be unavailable (see *People* v. *Sullivan*, *supra*). He argues, however, as follows: habeas corpus is available; if granted, he must be resentenced after due observation of section 480; therefore, to prevent the wasteful practice of requiring two separate actions to resolve one question, the actual sentencing court should have equal power to correct its own unlawful sentence by motion for resentence. In support of

this argument he cites our decision in *People* v. *Sagistiano* (28 A D 2d 728). *Sagistiano* does not apply at bar because in that case the attack was not on a conviction used as a predicate for a multiple offender sentence (cf. *People ex rel. Emanuel* v. *McMann,* and other cases cited *supra*). Our decision in *Sagistiano* was not intended as a departure from the holdings in *People* v. *Sullivan (supra)* and *Matter of Hogan* v. *Culkin* (18 N Y 2d 330). Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.